UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEOSOLUTIONS B.V., et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>SINA.COM ONLINE, et al.,<br><br>        Defendants. | Case No. 21-cv-08019-PCP<br><br>**ORDER DISMISSING CASE**<br>Re: Dkt. Nos. 129, 130, 148 |

In this case, a Dutch technology business and its holding company bring claims arising out of a joint venture with a Hong Kong corporation involving co-ownership of a Chinese entity based in Shanghai. The threshold questions are whether this Court has jurisdiction over the defendants, and if so, whether Plaintiffs have stated valid claims. Two defendants are California corporations based in Palo Alto, while the remaining thirteen are foreign businesses and individuals. The Court previously dismissed the claims against many of the foreign defendants for lack of personal jurisdiction and against the California defendants for failure to state a claim. Now, following amendment, all but one of the foreign defendants have moved to dismiss for lack of personal jurisdiction and the California defendants seek dismissal for failure to state a claim. For the reasons that follow, the motions are granted and this case is dismissed without leave to amend.

**I.    Background**

Plaintiffs GeoSolutions B.V. and GeoSolutions Holdings N.V., two Dutch companies, bring this action against thirteen businesses and two executives within what they call the "Sina Group," a Chinese conglomerate that operates the social media app Weibo. Two of the defendants are California corporations operated out of Palo Alto, California. The others are incorporated abroad and operated out of China. Both executives are citizens and residents of China.

This dispute arises out of a joint venture between certain Sina entities and GeoSolutions, which makes the following allegations in its amended complaint. Founded in the early 2000s, GeoSolutions had by 2008 developed a mobile app to allow users to track and share their activities and locations with each other. The Sina Group became interested in location-based services and began looking for companies to acquire or partner with. In 2010, after negotiations, Sina.com Technology Co., Ltd. signed a memorandum of understanding agreeing on a plan for a joint venture that would allow Sina entities to leverage GeoSolutions' location technology. The parties reached a final joint venture agreement in 2011, as well as a separate agreement allowing their jointly owned company, GyPSii Co., to license GeoSolutions' technology. A third agreement specified that GeoSolutions and its counterparty, Sina Hong Kong Ltd., would share profits and losses in proportion to their 40/60 ownership of GyPSii.

GeoSolutions alleges that Sina Hong Kong and other Sina entities did not uphold their end of the deal. In particular, GeoSolutions alleges that the Sina Group set up its own "shadow" location-based services department to siphon GeoSolutions' technology and know-how and cut GeoSolutions out of any ensuing profits. By 2014, GeoSolutions began to suspect that Sina entities were using GeoSolutions' technology without paying GyPSii. GeoSolutions identified billions of API calls that had been processed against the technology it had licensed, but for which GyPSii had received no revenue. GeoSolutions demanded an audit and a new compensation model, but nevertheless entered a renewed license agreement in 2014. GeoSolutions alleges the new terms were not honored and that it was only permitted to conduct a "sham" audit. GeoSolutions then initiated arbitration proceedings in the Netherlands and later filed this suit, which was removed to federal court.

On March 16, 2023, after hearing five separate motions to dismiss, the Court dismissed the claims against the foreign defendants who had appeared for lack of personal jurisdiction (four other foreign defendants had not yet appeared), and dismissed the claims against the California defendants for failure to state a claim. Dkt. No. 121. Because Plaintiffs had represented that discovery material from a separate arbitration proceeding could be relevant to the jurisdictional questions, the Court granted leave to amend. Plaintiffs thereafter filed their amended complaint.

Before the Court now are motions to dismiss by three sets of defendants. In the first motion (Dkt. No. 129), the foreign defendants against whom Plaintiffs' claims were previously dismissed for lack of personal jurisdiction seek dismissal for the same reasons, arguing that the amended complaint does not cure the deficiencies previously identified.[1] In the second (Dkt. No. 130), the California defendants against whom claims were previously dismissed for failure to state a claim also seek re-dismissal for the same reasons, arguing the complaint remains inadequate.[2] Finally, in the third (Dkt. No. 148), three of the four defendants who had not yet been served or appeared at the time of the Court's last ruling—the "new" foreign defendants—have waived service and argue that the claims against them should be dismissed for lack of personal jurisdiction.[3] The final defendant, GyPSii (Shanghai) Co., Ltd., has not appeared or been served.

## II. Legal Standards

Under Federal Rule of Civil Procedure 4(k)(1)(a), in the absence of a federal statute providing personal jurisdiction the Court applies the California statute authorizing personal jurisdiction "on any basis not inconsistent" with the federal or state constitutions. Cal. Code Civ. Proc. § 410.10. "Because California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800–01 (9th Cir. 2004). Due process prohibits a state court from exercising jurisdiction unless a defendant has sufficient "contacts" with the State such that "maintenance of the suit" is "reasonable, in the context of our federal system of government," and "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316–17 (1945).

There are two forms of personal jurisdiction: general and specific. "A court may assert general jurisdiction over foreign … corporations to hear any and all claims against them when

---

[1] The foreign defendants are: (1) Weibo Corporation; (2) Sina Corporation; (3) New Wave MMXV Limited; (4) Sina Group Holding Company Limited; (5) Sina (Beijing) Information Technology Co., Ltd.; (6) Sina.com Technology (China) Co., Ltd.; (7) Sina Hong Kong Limited; (8) Beijing Sina Internet Information Service Company Ltd.; and (9) Guowei Cao.
[2] The California defendants are: (1) Sina.com Online and (2) Weibo R&D Limited.
[3] The new foreign defendants are: (1) Beijing New Media Technology Information Company; (2) Beijing Weimeng Technology Co., Ltd.; and (3) Gaofei Wang.

3

their affiliations with the State are so 'continuous and systematic' as to render them essentially at home." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). For corporations, the "paradigm" bases for general jurisdiction are "the place of incorporation and principal place of business," although operations in another state might also be "so substantial and of such a nature as to render the corporation at home." *Daimler AG v. Bauman*, 571 U.S. 117, 137, 139 n.19 (2014). Specific jurisdiction "covers defendants less intimately connected with a State, but only as to a narrower class of claims": for a court to have specific personal jurisdiction, the defendant "must take some act by which it purposefully avails itself of the privilege of conducting activities" in the state, and the claims "must arise out of or relate to the defendant's contacts with the forum." *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024–25 (2021) (cleaned up).

On a motion to dismiss, the plaintiff has the burden to show that the Court has jurisdiction. *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 741 (9th Cir. 2013). Only "a prima facie showing of jurisdictional facts" is required to withstand dismissal, and "the court resolves all disputed facts in favor of the plaintiff." *Id.* (quoting *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001) and *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006)).

When there are multiple defendants, "[t]he jurisdictional inquiry must decouple defendants, considering whether each individual defendant has had sufficient 'minimum contacts' with the forum state to justify an exercise of jurisdiction." *Burri Law PA v. Skurla*, 35 F.4th 1207, 1213 (9th Cir. 2022). In cases involving related business entities, "a parent-subsidiary relationship is insufficient, on its own, to justify imputing one entity's contacts with a forum state to another for the purpose of establishing personal jurisdiction." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1070 (9th Cir. 2015). "A basic tenet of American corporate law is that the corporation and its shareholders are distinct entities" and this "corporate separateness insulates a parent corporation from liability created by its subsidiary." *Id.* (cleaned up).

This veil separating affiliated entities may be pierced, however, if they are "not really separate entities" but instead have an "alter ego" relationship. *Ranza*, 793 F.3d at 1071. To establish that two separate entities are alter egos, "a plaintiff must make out a prima facie case

4

(1) that there is such unity of interest and ownership that the separate personalities of the two entities no longer exist and (2) that failure to disregard their separate identities would result in fraud or injustice." *Id.* at 1073 (cleaned up). Courts consider several factors to determine whether there is sufficient unity between two entities, including:

> (1) the commingling of funds and other assets of the entities, (2) the holding out by one entity that it is liable for the debts of the other, (3) identical equitable ownership of the entities, (4) use of the same offices and employees, (5) use of one as a mere shell or conduit for the affairs of the other, (6) inadequate capitalization, (7) disregard of corporate formalities, (8) lack of segregation of corporate records, and (9) identical directors and officers.

*Yih v. Taiwan Semiconductor Mfg. Co., Ltd.*, No. 20-CV-04184-EJD, 2020 WL 6290377 (N.D. Cal. Oct. 27, 2020).

Rule 12(b)(6) governs dismissal for "failure to state a claim upon which relief can be granted." A complaint must "plausibly suggest" that the plaintiff is entitled to relief, meaning "the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 681 (2009). In considering the sufficiency of a pleading, the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1029–30 (9th Cir. 2009). Legal conclusions "can provide the complaint's framework," but the Court will not assume they are correct unless "supported by factual allegations." *Iqbal*, 556 U.S. at 664.

## III. The Court Lacks Personal Jurisdiction Over the Appearing Foreign Defendants.

Plaintiffs do not contend that any of the foreign defendants are at home in California. Instead, they argue that general jurisdiction can be asserted over the foreign defendants because the foreign and California defendants are alter egos and the California defendants' ties to this forum may thus be imputed to the foreign defendants. The Court determined that the previous complaint failed to plead a unity of interest establishing an alter ego relationship between either of the California defendants and any of the foreign defendants who had appeared. The Court now considers the new allegations to determine whether they change this analysis. Additionally, three foreign defendants had not appeared or been served when the Court issued its previous order but

have now waived service. Accordingly, the Court considers the jurisdictional allegations as to these defendants as well.

Plaintiffs have added several factual allegations regarding the California defendants and their relationships with foreign defendants to the complaint, including:

- Each of the California defendants "is an essential part of the Sina Group's VIE structure, and participates in the VIE structure via its contractual arrangements with other Sina Group companies."
- Sina.com Online operates "sina.com" for all Sina Group businesses.
- Sina.com Online shares the same CEO and CFO with Sina Corp, and the shared CFO is also Sina.com's registered agent for accepting service.
- Sina Corp. has listed Sina.com Online as a subsidiary in public filings.
- Weibo R&D shares the same CFO as Weibo Corp, and the shared CFO is a significant shareholder of Beijing Sina.

None of these allegations establishes unity of interest or ownership between either of the California defendants and any of the foreign defendants. Allegations that Sina.com and Weibo R&D are an "essential part" of the Sina Group are vague and conclusory. Allegations regarding contractual relationships between the California and foreign defendants (without further explanation) if anything indicate separation rather than unity. Likewise, the Court previously concluded that "operating a shared website merely shows that Sina.Com Online assisted with administrative functions for the broader Sina Group, not that any other Sina entity had control over Sina.com Online or vice versa." And, as the Court previously explained, "allegations of 'ownership and shared management personnel' are insufficient to establish the required level of control." *See Ranza*, 793 F.3d at 1073. Finally, the complaint does not allege any direct relationships between any of the three new foreign defendants and either of the California defendants.

Accordingly, as before, Plaintiffs have failed to plead a unity of interest between either of the California defendants and any of the foreign defendants. There is therefore no basis for the Court to exercise general personal jurisdiction over any of the foreign defendants.

6

The only other basis for exercising jurisdiction over any of the foreign defendants would be if the Court had specific jurisdiction with respect to the claims against them. The Court previously determined that the Plaintiffs had not shown that their claims arose out of any of the foreign defendants' California contacts. The amended complaint includes a few additional allegations of contacts with California by Sina Corp. and Weibo Corp., including that both companies employ agents in California and elsewhere in the United States, and that both companies maintain servers in Santa Clara County that house databases and applications including the technology at issue in this case. As the Court previously explained, however, "the mere storage of that technology on the servers [in California] is too far removed from the alleged wrongdoing to establish but for causation."

The Court previously recognized that under *Yamashita v. LG Chemical, Ltd.*, 62 F.4th 496 (9th Cir. 2023), Plaintiffs could also establish a sufficient nexus by showing that their claims "relate to" defendants' forum contacts—an issue that had not been addressed in the previous briefing. But Plaintiffs have still failed to show that their claims closely "relate to" any of the foreign defendants' California contacts.

As the *Yamashita* court explained, the phrase "'relate to' does not mean anything goes. To the contrary, to give 'relate to' too broad a scope would risk collapsing the core distinction between general and specific personal jurisdiction…. [R]elatedness requires a close connection between contacts and injury." 62 F.4th at 506 (cleaned up). Here, the California contact that appears to relate most closely to this case is certain defendants' alleged use of California servers. Nothing in the amended complaint or briefing, however, changes the Court's previous determination that this contact is "far removed" from the alleged wrongdoing: misappropriation of GeoSolutions' technology. There are no allegations, for example, that the alleged "shadow department" responsible for siphoning GeoSolutions' technology operated in any way out of California, or that California servers provided a means for the misappropriation. As the Court previously concluded, the "mere storage" of the allegedly misappropriated technology on servers that happen to be located in California is "far removed" from the focal point of the alleged wrongdoing. Without more, these attenuated alleged California contacts are neither a but-for cause

nor closely related to the alleged wrongdoing that underlies Plaintiffs' claims.

Accordingly, Plaintiffs have established no adequate basis for this Court to exercise specific personal jurisdiction over any of the previously or newly appearing foreign defendants.

**IV.     The Complaint Fails To State A Claim Against the California Defendants.**

Unlike for the foreign defendants, this Court has personal jurisdiction over Sina.com Online and Weibo R&D Limited, both California corporations operated out of Palo Alto, California. The question, then, is whether Plaintiffs have stated a claim against either of these defendants.

The Court dismissed GeoSolutions' previous complaint against the California defendants "for the simple reason" that Plaintiffs "have not pleaded that the California defendants participated in the alleged misconduct." Because Plaintiffs had not successfully pleaded an alter ego theory, the foreign entities' actions could not be imputed to the California defendants, and the previous complaint "contain[ed] no allegations that the California Defendants participated in any RICO predicates, participated in misappropriating trade secrets, made any misrepresentations, or took part in any misconduct that Plaintiffs raise under the UCL."

The amended complaint fares no better. The amendments that pertain to the California defendants all seem geared towards establishing that the California defendants are alter egos of some or all of the foreign defendants. For the reasons discussed above, GeoSolutions has still failed to establish alter ego status, so none of the other Sina entities' conduct can be imputed to the California defendants. And a careful review of the amendments to the complaint makes clear that Plaintiffs have not added any new allegations that either of the California defendants participated directly in any of the alleged misconduct. Accordingly, for the same reasons as before, the claims against the California defendants are dismissed under Rule 12(b)(6).

**V.     The Remaining Defendant Has Not Been Served.**

There remains one defendant that has still not been served: GyPSii (Shanghai) Co., Ltd. Plaintiffs say they are still attempting service under the Hague Convention, but more than two years have passed since the complaint was filed. Plaintiffs are ordered to show cause within 30 days why the claims against GyPSii should not be dismissed without prejudice. *See Sport Lisboa e*

8

*Benfica-Futebol SAD v. Doe 1*, 2018 WL 4043182, at *4 (C.D. Cal. Aug. 21, 2018) ("[T]he court may set 'a reasonable time limit for service in a foreign country.'").

## VI. Conclusion

The claims against the foreign defendants—Weibo Corporation; Sina Corporation; New Wave MMXV Limited; Sina Group Holding Company Limited; Sina (Beijing) Information Technology Co., Ltd.; Sina.com Technology (China) Co., Ltd.; Sina Hong Kong Limited; Beijing Sina Internet Information Service Company Ltd.; Guowei Cao, a.k.a. Charles Chao; Beijing New Media Technology Information Company; Beijing Weimeng Technology Co., Ltd.; and Gaofei Wang—are dismissed without prejudice for lack of personal jurisdiction. The claims against the California defendants— Sina.com Online and Weibo R&D Limited—are dismissed with prejudice for failure to state a claim. These dismissals are without further leave to amend.

Plaintiffs shall, within 30 days, show cause why the claims against GyPSii (Shanghai) Co., Ltd. should not be dismissed without prejudice for failure to serve.

**IT IS SO ORDERED.**

Dated: October 26, 2023

P. Casey Pitts
United States District Judge

9